No. 10-16519

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

HAZEL GREEN RANCH, LLC,

Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,

Defendants-Appellees,

and

SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and THE WILDERNESS SOCIETY,

Defendant-Intervenors-Appellees.

On Appeal from the United States District Court for the Eastern District of California, Case No. 1:07-cv-00414-OWW-SMS

**DEFENDANT-INTERVENORS-APPELLEES' ANSWERING BRIEF**

DEBORAH S. REAMES
GEORGE M. TORGUN
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
Telephone: (510) 550-6725
Facsimile: (510) 550-6749

Attorneys for Defendant-Intervenors-Appellees

## CORPORATE DISCLOSURE STATEMENT

Defendant-Intervenors-Appellees SIERRA CLUB, NATURAL RESOURCES DEFENSE COUNCIL, and THE WILDERNESS SOCIETY certify that they are non-profit organizations that do not issue stock and have no parent companies, subsidiaries, or affiliates in the United States or abroad.

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION .......... 1

STATEMENT OF ISSUES .......... 1

STATEMENT OF THE CASE .......... 1

STATEMENT OF FACTS .......... 1

SUMMARY OF ARGUMENT .......... 1

ARGUMENT .......... 3

I. STANDARD OF REVIEW .......... 3

II. STATUTORY BACKGROUND .......... 5

A. Sovereign Immunity And The Quiet Title Act. .......... 5

B. Revised Statute 2477. .......... 8

III. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY FOR ACTIONS BROUGHT BY PRIVATE PARTIES TO QUIET TITLE IN R.S. 2477 PUBLIC HIGHWAYS. .......... 9

A. Numerous Authorities Hold That Landowners Abutting Alleged Public Roads Do Not Have Sufficient Title To Establish R.S. 2477 Public Highways Under the Quiet Title Act. .......... 9

B. California Law Does Not Provide Private Landowners With The Right To Quiet Title To R.S. 2477 Public Highways Under The Quiet Title Act. .......... 20

IV. THE 1888 HALSTEAD PATENT DOES NOT PROVIDE ANY BASIS FOR EASEMENT CLAIMS RAISED BY HAZEL GREEN. .......... 22

CONCLUSION .......... 25

STATEMENT OF RELATED CASES .......... 26

CERTIFICATE OF COMPLIANCE .......... 27

CERTIFICATE OF SERVICE .......... 28

# TABLE OF AUTHORITIES

## CASES

*Alaska v. Babbitt*,
75 F.3d 449 (9th Cir. 1996)....................6

*Alleman v. United States*,
372 F. Supp. 2d 1212 (D. Or. 2005)....................11

*Ashcroft v. Iqbal*,
— U.S. —, 129 S.Ct. 1937 (2009)....................4

*Bacich v. Bd. of Control*,
23 Cal.2d 343 (1943)....................9, 10, 14

*Baker's Peak Landowner's Ass'n, Inc. v. United States*,
2001 WL 34360431 (D. Colo. Aug. 2, 2001)....................11

*Block v. N.D.*,
461 U.S. 273 (1983)....................5, 7

*Buchler v. United States*,
384 F. Supp. 709 (E.D. Cal. 1974)....................7

*Colony Cove Properties, LLC v. City Of Carson*,
—F.3d —, 2011 WL 1108226 (9th Cir. Mar. 28, 2011)....................4

*County of Marin v. Superior Court of Marin County*,
53 Cal.2d 633 (1960)....................21

*Cox Cable San Diego v. County of San Diego*,
185 Cal. App. 3d 368 (1986)....................21

*Dep't of the Army v. Blue Fox, Inc.*,
525 U.S. 255 (1999)....................5

*Fairhurst Family Ass'n v. U.S. Forest Service*,
172 F. Supp. 2d 1328 (D. Colo. 2001)....................11

*Fitzgerald Living Trust v. United States*,
460 F.3d 1259 (9th Cir. 2006)....................24

*Friends of Panamint Valley v. Kempthorne*,
499 F. Supp. 2d 1165 (E.D. Cal. 2007) .......................................... 6, 11, 20, 22

*Gonzales v. Raich*,
545 U.S. 1 (2005).............................................................................................20

*Kellett v. Clayton*,
99 Cal. 210 (1893) ..........................................................................................23

*Kinscherff v. United States*,
586 F.2d 159 (10th Cir. 1978).....................................................................passim

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994)...........................................................................................5

*Leisnoi, Inc. v. United States*,
170 F.3d 1188 (9th Cir. 1999).............................................................................6

*Long v. Area Manager, Bureau of Reclamation*,
236 F.3d 910 (8th Cir. 2001)..........................................................................7, 11

*McFarland v. Kempthorne*,
545 F.3d 1106 (9th Cir. 2008).....................................................................passim

*McFarland v. Kempthorne*,
464 F. Supp. 2d 1014 (D. Mont. 2006)..............................................................16

*McFarland v. Norton*,
425 F.3d 724 (9th Cir. 2005).............................................................................13

*Nurse v. U.S.*,
226 F.3d 996 (9th Cir. 2000)................................................................................4

*Outdoor Media Grp., Inc. v. City of Beaumont*,
506 F.3d 895 (9th Cir. 2007)................................................................................4

*Paulsen v. CNF Inc.*,
559 F.3d 1061 (9th Cir. 2009)...............................................................................4

*People v. County of Marin*,
103 Cal. 223 (1894) ...........................................................................................21

*Public Lands for the People, Inc. v. U.S. Dept. of Agric.*,
733 F. Supp. 2d 1172 (E.D. Cal. 2010) ....................12

*Southern Utah Wilderness Alliance v. Bureau of Land Mgmt.*,
425 F.3d 735 (10th Cir. 2005)....................8

*Staley v. United States*,
168 F. Supp. 2d 1209 (D. Colo. 2001) ....................passim

*Standage Ventures, Inc. v. Ariz.*,
499 F.2d 248 (9th Cir. 1974)....................8

*Stubbs v. United States*,
620 F.2d 775 (10th Cir. 1980)....................7

*Sw. Four Wheel Drive Ass'n v. BLM*,
363 F.3d 1069 (10th Cir. 2004)....................11

*Union Transp. Co. v. Sacramento County*,
42 Cal.2d 235 (1954) ....................22

*United States v. Jenks*,
129 F.3d 1348 (10th Cir. 1997)....................24

*Vacek v. U.S. Postal Serv.*,
447 F.3d 1248 (9th Cir. 2006)....................5

*Vincent Murphy Chevrolet Co. v. United States*,
766 F.2d 449 (10th Cir. 1985)....................20

*Washington County v. United States*,
903 F. Supp. 40 (D. Utah 1995) ....................7

*Watt v. Western Nuclear, Inc.*,
462 U.S. 36 (1983)....................25

*Wood v. Truckee Turnpike Co.*,
24 Cal. 475 (1864) ....................23

*WildWest Inst. v. Bull*,
547 F.3d 1162 (9th Cir. 2008)....................19

## FEDERAL STATUTES

28 U.S.C. § 2409a....................passim

43 U.S.C. § 932 ("R.S. 2477")....................passim

43 U.S.C. § 1769(a)....................8

## CALIFORNIA STATUTES

California Streets & Highways Code § 8309....................19

California Streets & Highways Code § 8352....................19

## RULES

Fed. R. Civ. P. 12(b)(1)....................3, 4

Fed. R. Civ. P. 12(b)(6)....................4

Fed. R. Civ. P. 12(f)....................3, 4

Fed. R. Civ. P. 41(a)....................19

## STATEMENT OF JURISDICTION

Defendant-Intervenors-Appellees Sierra Club, Natural Resources Defense Council, and The Wilderness Society (collectively, the "Sierra Club") join in the statement of jurisdiction presented by Defendants-Appellees United States Department of the Interior, *et al.* ("Federal Appellees") in their brief in opposition to this appeal.

## STATEMENT OF ISSUES

The Sierra Club joins in the statement of issues presented by Federal Appellees in their brief in opposition to this appeal.[1]

## STATEMENT OF THE CASE

The Sierra Club joins in the statement of the case presented by Federal Appellees in their brief in opposition to this appeal.

## STATEMENT OF FACTS

The Sierra Club joins in the statement of facts presented by Federal Appellees in their brief in opposition to this appeal.

## SUMMARY OF ARGUMENT

In this appeal, Hazel Green Ranch, LLC ("Hazel Green") seeks review of the district court's dismissal of its claims to easement rights over two alleged roads that would connect its 83-acre inholding within Stanislaus National Forest to the

[1] Pursuant to Circuit Rule 28-2.7, all applicable statutes are contained in the addendum of Federal Appellees.

Big Oak Flat Road within Yosemite National Park. Hazel Green asserts that these roads, the "Coulterville Road" and "Crane Flat Road," were established as public highways pursuant to a repealed nineteenth-century law known as Revised Statute 2477 ("R.S. 2477"). Although Hazel Green alleged several different causes of action in three successive complaints in the proceedings below, *see* Excerpts of Record ("ER") 742-60, 1104-11, 1535-45, this appeal is limited to two discrete claims under the Quiet Title Act, 28 U.S.C. § 2409a, regarding (1) easement rights as a private landowner abutting public roads, and (2) easements granted by a United States Patent to Hazel Green's predecessor in interest. Appellant's Opening Brief ("Op. Br.") at 1.

While the Quiet Title Act waives the United States' sovereign immunity in civil actions brought "to adjudicate a disputed title to real property in which the United States claims an interest," 28 U.S.C. § 2409a(a), there are explicit limitations on this waiver that Hazel Green has failed to overcome in this action. First, numerous courts have held that in a dispute regarding the existence of R.S. 2477 public highways, the only proper party to bring an action under the Quiet Title Act is the government entity that owns the alleged road. Given that Hazel Green's abutting landowner easement claims are dependent on the establishment of the Coulterville and Crane Flat Roads as R.S. 2477 public highways, the district court lacked subject matter jurisdiction to adjudicate such claims. Furthermore, the

plain language of the Quiet Title Act makes it clear that the United States has not waived its sovereign immunity for lawsuits based on general, conclusory allegations concerning the nature of or basis for a party's alleged interest in real property. Because Hazel Green's allegations regarding easements granted by a United States Patent fail to describe with particularity its alleged interest or the circumstances under which it was acquired, the Quiet Title Act's waiver of sovereign immunity does not apply and Hazel Green has failed to state a claim upon which relief can be granted. For all of these reasons, as detailed below, this Court should affirm the judgment of the district court.

## ARGUMENT

### I. STANDARD OF REVIEW.

Hazel Green appeals the district court's dismissal of two discrete legal claims to easement rights over the Coulterville and Crane Flat Roads presented in its First and Second Amended Complaints. *See* Op. Br. at 1; ER 1104-11, 1536-38. First, Hazel Green's claim to easement rights as a landowner abutting public roads was ultimately stricken by the district court pursuant to Federal Rule of Civil Procedure 12(f). ER 62.[2] Rule 12(f) provides that a court "may strike from a

---

[2] The district court alternatively dismissed Hazel Green's abutting landowner easement claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ER 62 n.3; *see also* ER 104-08. This standard is discussed below.

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court reviews "the district court's decision to strike matter pursuant to [Rule 12(f)] for abuse of discretion." *Nurse v. U.S.*, 226 F.3d 996, 1000 (9th Cir. 2000).

Second, Hazel Green's claim to easements granted by a United States Patent were dismissed by the district court pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. ER 71. This Court reviews *de novo* a district court's decision to grant a motion to dismiss under these standards. *Colony Cove Properties, LLC v. City Of Carson*, —F.3d —, 2011 WL 1108226, *5 (9th Cir. Mar. 28, 2011). When ruling on a motion to dismiss, the Court "accepts factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). However, the Court is not required "to accept as true conclusory allegations that are contradicted by documents referred to in the complaint," nor does it "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009); *see Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1950 (2009) ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.”).

## II. STATUTORY BACKGROUND.

### A. Sovereign Immunity And The Quiet Title Act.

“Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.” *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). One important limitation on the subject matter jurisdiction of federal courts is sovereign immunity. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). “The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity.” *Id.* (citing *Dep’t of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). As the Supreme Court has frequently held, “a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.” *Blue Fox*, 525 U.S. at 261.

The Quiet Title Act, 28 U.S.C. § 2409a (“QTA”), provides such a waiver of sovereign immunity in civil actions brought “to adjudicate a disputed title to real property in which the United States claims an interest.” 28 U.S.C. § 2409a(a); *see Block v. N.D.*, 461 U.S. 273, 280 (1983) (“Only upon passage of the QTA did the United States waive its immunity with respect to suits involving title to land”). However, there are explicit limitations on this waiver, including the QTA’s

requirement that:

> The compliant shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.

28 U.S.C. § 2409a(d). If an adverse claim to title in real property cannot be brought under the QTA, it cannot be brought at all. *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999) (citing *Alaska v. Babbitt*, 75 F.3d 449, 453 (9th Cir. 1996)). As this Court has previously explained, "[t]he QTA's limitations on actions challenging the United States' assertions of title apply without regard to the ultimate validity of those assertions... . [T]he immunity of the government applies whether the government is right or wrong." *Alaska*, 75 F.3d at 452 (internal quotations omitted).

Consistent with the statute's plain language, courts have repeatedly found that plaintiffs must assert an ownership interest in the underlying property in order to file suit under the Quiet Title Act. For example, in *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165 (E.D. Cal. 2007), the district court noted that Congress "permitted challenges to the United States' claim of title to real property only to parties who themselves claim an interest in title." 499 F. Supp. 2d at 1174. Similarly, in *Kinscherff v. United States*, 586 F.2d 159 (10th Cir. 1978), the Tenth Circuit concluded, after examining the Act's legislative history and other relevant law, that:

> A quiet title action may be brought by anyone claiming an interest in the real property. The interest, however, must be some interest in the title to the property. An attempt to remove a cloud from title presupposes that the plaintiff has some title to defend.

586 F.2d at 160 (citations omitted). *See also Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 915 (8th Cir. 2001) (finding that a Quiet Title Act claim must fail if the plaintiff "does not claim a property interest to which title may be quieted").

Moreover, courts have held that the requirements of the QTA must be strictly observed and exceptions thereto are not to be implied. *See Block*, 461 U.S. at 287 ("when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied"); *Stubbs v. United States*, 620 F.2d 775, 779 (10th Cir. 1980). As a result, where a QTA claim is based upon conclusory allegations rather than specific averments regarding the basis of a claim, the complaint should be dismissed. *See, e.g., Washington County v. United States*, 903 F. Supp. 40, 42 (D. Utah 1995) (dismissing claims to R.S. 2477 rights-of-way on the grounds that the complaint did not allege with particularity the interests claimed or the circumstances under which the interests were acquired); *Buchler v. United States*, 384 F. Supp. 709, 711 (E.D. Cal. 1974) (dismissing quiet title claim for failure to plead with particularity the circumstances under which claimed interest was acquired or the interest claimed by the United States).

### B. Revised Statute 2477.

As stated above, Hazel Green has alleged easement rights in two public highways that it claims were established pursuant to a repealed nineteenth-century law known as Revised Statute 2477 ("R.S. 2477"). *See* Mining Act of July 26, 1866, § 8, 14 Stat. 251, codified at 43 U.S.C. § 932, *repealed by* Federal Land Policy Management Act of 1976, Pub. L. No. 94-579 § 706(a), 90 Stat. 2473. Prior to its repeal, R.S. 2477 provided, in pertinent part, that "the right of way for the construction of public highways over public lands, not reserved for public uses, is hereby granted." *Id*. This land grant was self-executing in most western states, meaning that "a right-of-way came into existence automatically when a public highway was established across public lands in accordance with the law of the state," without the need for formal action by public authorities. *Standage Ventures, Inc. v. Ariz.*, 499 F.2d 248, 250 (9th Cir. 1974); *Southern Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 770 (10th Cir. 2005) ("In most western states, where R.S. 2477 was most significant, acceptance required no governmental act"). The 1976 act repealing R.S. 2477 preserved any rights-of-way that had existed prior to the date of enactment. 43 U.S.C. § 1769(a).

## III. THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY FOR ACTIONS BROUGHT BY PRIVATE PARTIES TO QUIET TITLE IN R.S. 2477 PUBLIC HIGHWAYS.

### A. Numerous Authorities Hold That Landowners Abutting Alleged Public Roads Do Not Have Sufficient Title To Establish R.S. 2477 Public Highways Under the Quiet Title Act.

As Hazel Green describes in its opening brief on appeal, the easement claims set forth in its First and Second Amended Complaints allege that, under California law, owners of land abutting public highways and streets have rights in the nature of a private easement to such public highways. Op. Br. at 16-20 (citing *Bacich v. Bd. of Control*, 23 Cal.2d 343, 349-50 (1943); *McKinney v. Ruderman*, 203 Cal.App.2d 109, 119 (1962)); ER 1109-11, 1536-38. Hazel Green contends that its 83-acre parcel of private property within Stanislaus National Forest abuts two routes, the "Coulterville Road" and "Crane Flat Road," that were established as public highways pursuant to R.S. 2477. Op. Br. at 4-7, 29 ("The roads at issue in this case were asserted to be county roads in which [Hazel Green] has an easement as a private landowner across whose property the roads traverse. The roads derived from a federal grant (pursuant to R.S. 2477, by which such roads could be built)"); ER 1532 ("This is an action in part, under 28 U.S.C. 2409a to quiet title to two R.S. 2477 rights-of-way in the County of Mariposa, California, the Coulterville Road and the Crane Flat Road"). Hazel Green seeks to quiet title against the United States so that it can grade and maintain the alleged R.S. 2477

routes to accommodate motor vehicle traffic from Yosemite National Park and facilitate the development of its property as a destination resort and hotel. *See* ER 1513-14.

Given that Hazel Green's abutting landowner argument involves alleged property rights that arise in "an owner of property abutting upon a public street," *Bacich*, 23 Cal.2d at 349-50, these claims are dependent on the district court's determination that the Crane Flat and Coulterville Roads are, in fact, public highways established pursuant to R.S. 2477. *See* Op. Br. at 29. However, as the district court properly concluded, Hazel Green is not a proper party to bring such a suit under the QTA. Specifically, the district court held that "claiming an interest as an abutting landowner, is not sufficient, as Plaintiff's special public easement is in a public road. While Plaintiff's rights as an abutting landowner may be greater than the those of the general public through its public easement, *Bacich v. Bd. of Control*, 23 Cal.2d 343, 349-50, 144 P.2d 818 (1943), Plaintiff, nonetheless, is attempting to claim an interest in a public road." ER 107-08; *see* ER 57 ("one's status as an abutting landowner is not enough to establish a property interest for purposes of the Quiet Title Act").

The district court's ruling was based on a long line of precedent holding that a quiet title suit seeking to establish R.S. 2477 public highways can only be brought by the government entity that owns the road. ER 56-58, 99-108; *see*

*Friends of Panamint Valley*, 499 F. Supp. 2d at 1175 ("Courts which have addressed whether a plaintiff, as a member of the public, can assert a title under the Quiet Title Act for access to routes established pursuant to R.S. 2477 have ruled that there is no subject matter jurisdiction"); *Alleman v. United States*, 372 F. Supp. 2d 1212, 1225-26 (D. Or. 2005) (holding that plaintiffs' "interest" in using alleged R.S. 2477 public highways is insufficient to bring an action under the Quiet Title Act); *Sw. Four Wheel Drive Ass'n v. BLM*, 363 F.3d 1069, 1071 (10th Cir. 2004) (concluding that private parties cannot claim an ownership interest in public highways established pursuant to R.S. 2477); *Long*, 236 F.3d at 915 (finding that a suit seeking to assert an R.S. 2477 right must be brought by "the governmental entity that owns the easement"); *Kinscherff*, 586 F.2d at 160 (upholding district court's dismissal of QTA claims involving public roads because "a member of the public cannot assert such an ownership in a public road"); *Staley v. United States*, 168 F. Supp. 2d 1209, 1213 (D. Colo. 2001) (concluding that abutting landowners do not have sufficient title interest in R.S. 2477 public highway to maintain a quiet title action); *Fairhurst Family Ass'n v. U.S. Forest Service*, 172 F. Supp. 2d 1328, 1332 (D. Colo. 2001) (finding that plaintiff does not have sufficient interest to bring QTA claim involving R.S. 2477 right-of-way); *Baker's Peak Landowner's Ass'n, Inc. v. United States*, 2001 WL 34360431, *2-5 (D. Colo. Aug. 2, 2001) (finding that plaintiffs' "easement like interest" in alleged R.S. 2477 roads

acquired by prior use and their "status as abutting landowners" is not sufficient to bring a claim under the QTA); *see also Public Lands for the People, Inc. v. U.S. Dept. of Agric.*, 733 F. Supp. 2d 1172, 1192-93 (E.D. Cal. 2010) (holding that to the extent plaintiffs' claims challenging Forest Service's authority to require notices of intent or plans of operation for mining activities are substantively limited by disputed R.S. 2477 rights, those claims are barred by sovereign immunity).

In its brief, Hazel Green fails to address this extensive body of authority supporting the dismissal of its claims. Instead, it attempts to focus this Court on the narrow issue of whether an easement may constitute a sufficient title interest for purposes of the QTA. Op. Br. at 20-25. First, Hazel Green points to one sentence of dicta from this Court's decision in *McFarland v. Kempthorne*, 545 F.3d 1106 (9th Cir. 2008), for the proposition that "an easement cognizable under the Quiet Title Act can exist in a county road, as [Hazel Green] sought in this case, and [ ] the District Court's decision rejecting the recognition of those rights was erroneous." *Id*. at 20. However, the *McFarland* opinion does not stand the proposition that Hazel Green suggests.

In *McFarland*, the owner of a 2.75-acre parcel of land within Glacier National Park sought to quiet title to an easement over Glacier Route 7, the only road that had ever provided plaintiff and his predecessors with motorized access to

the property, after the Park Service closed the road during the winter months to protect wildlife and recreational opportunities. 545 F.3d at 1109. Plaintiff filed suit under the QTA claiming an easement by necessity, an easement implied by the Homestead Act, and an express easement under the terms of his predecessor's land patent. *Id*. This Court, in upholding the decision of the district court, found that plaintiff was not entitled to any such easements. *Id*. at 1111-13. With regard to plaintiff's express easement claim, the Court held that while the term "appurtenances" in a land patent may carry with it an existing easement, "it will not create the easement." *Id*. at 1111. The Court also noted that plaintiff "could not claim an easement at the time of the grant, and his argument is undermined by his own representation that his 'predecessor's…access into his property…was not protected by any county road easement or other guarantee of continued access.'" *Id*.

While the *McFarland* decision does not foreclose the ability of a private landowner to quiet title to an easement in a county road, the district court was correct that the *McFarland* case did not involve such issues. ER 66 n.5. In fact, as the Ninth Circuit stated in an earlier ruling in that litigation, "[t]he National Park Service owns and maintains Glacier Route 7." *McFarland v. Norton*, 425 F.3d 724, 725 (9th Cir. 2005). More importantly, the Court in *McFarland* was not

confronted with the question of whether a private property owner could bring a quiet title suit to establish R.S. 2477 public highways, as is the situation here.

Hazel Green next asserts that decisions from the Tenth Circuit in *Kinscherff* and *Staley* support its position that "rights to existing roads under its easement rights to roads that exist and pass over its property" can be the basis of a quiet title action. Op. Br. at 25. While these decisions may stand for the proposition that certain easement claims could be bought against the United States under the Quiet Title Act, they do not allow for the claims that Hazel Green has advanced in this litigation. Rather, these cases support the district court's finding that "[e]ven though the *Bacich* line of cases indicates that California landowners possess an [ ] interest 'in the nature of an easement' in abutting public roads, one's status as an abutting landowner is not enough to establish a property interest for purposes of the Quiet Title Act." ER 57.

In *Kinscherff*, private landowners sought to quiet title to a road that the United States had built on its property to reach a dam site, which they alleged provided the only access to the property. 586 F.2d at 159. Specifically, plaintiffs asserted that they had a real property interest in the road "as members of the public entitled to use public roads" under state law, "as an owner of land abutting a public highway," and under R.S. 2477. *Id*. at 160. The Tenth Circuit rejected these claims, finding that "[m]embers of the public as such do not have 'title' in public

roads. To hold otherwise would signify some degree of ownership as an easement. It is apparent that a member of the public cannot assert such an ownership in a public road." *Id*. Thus, the court concluded that "the 'interest' plaintiffs seek to assert as part of the public is not of such a nature to enable them to bring suit to quiet title," and it upheld the district court's dismissal of plaintiffs' Quiet Title Act claims. *Id*. at 161. The court did find, however, that plaintiffs' separate claim of "an interest by virtue of an implied easement by necessity" was "adequately raised" in the complaint and could proceed before the trial court. *Id*.

Hazel Green argues that "unlike the plaintiffs in *Kinscherff*, [Hazel Green] did not assert its rights merely as a member of the public" but "as a landowner across whose private land the roads pass… ." Op. Br. at 23. Yet this statement misses the relevant holding of *Kinscherff*. Specifically, the Tenth Circuit rejected plaintiff's attempt to quiet title to a public road "as an owner of land abutting a public highway" or pursuant to R.S. 2477, 586 F.2d at 160, and the district court followed that holding in concluding that "neither the public generally nor abutting landowners have a real property interest in a public road sufficient to satisfy the Quiet Title Act." ER 57-58.[3]

[3] Although it does not explicitly raise the issue on appeal, *see* Op. Br. at 1, Hazel Green also claims that the district court "erred by dismissing [Hazel Green's] claims of an easement by necessity raised in its Third Amended Complaint." Op. Br. at 23-24 & n.11. Citing to the decision in *Kinscherff*, Hazel Green claims that the district (cont'd next page)

The subsequent decision by the district court in *Staley*, which follows the controlling precedent of *Kinscherff*, is also contrary to Hazel Green's position. In *Staley*, plaintiffs brought a quiet title action to seek the declaration of a road to provide access to its private property. 168 F. Supp. 2d at 1211. Plaintiffs' first cause of action, similar to Hazel Green's claims, alleged that "a public road was created by operation of R.S. 2477" and that "a landowner has significant property rights in abutting public roads" for purposes of the QTA. *Id.* at 1212. As the district court found:

> While Plaintiffs may correctly assert that abutting landowners may have rights beyond those of the general public in certain public roads, the authorities cited above cannot be fairly construed to mean that an abutting landowner has a title interest in any public road such that they can maintain an action under the Quiet Title Act. *See Kinscherff*, 586 F.2d at 160.

---

court simply "assumed" that Hazel Green could not show that "no other access existed at the time of severance," despite the mixed questions of fact and law raised by such claims. *Id*. at 23. This assertion is incorrect. This district court properly dismissed this claim because the complaint failed to alleged that necessity existed "both at the time of the severance of unity of title and at the time of the exercise of the easement," required elements of any such claim. ER 35-38 (citing *McFarland v. Kempthorne*, 464 F. Supp. 2d 1014, 1019 (D. Mont. 2006), *aff'd*, 545 F.3d 1106 (9th Cir. 2008)). In addition, the district court did not erroneously state that Hazel Green had "alleged the claim twice previously." Op. Br. at 24 n.11 (citing ER 35). Rather, that statement in the district court's opinion was referring to Hazel Green's repeated contention, discussed below, that the 1888 Patent granted an easement. ER 33-35; *see* ER 66-67, 104-08, 1326-27.

*Id*. at 1213. Consequently, the court held that "Plaintiffs do not have a title interest in a public road that would properly invoke the jurisdiction of the Court over Plaintiffs' First Claim for Relief." *Id*.

As in *Kinscherff*, the court also found that one of plaintiffs' claims, which alleged "the existence of an easement" in the form of "an implied right of ingress and egress pursuant to federal law," could go forward. *Id*. at 1213-14. Hazel Green now attempts to argue that its easement claims are akin to the claim in *Staley* over which that court had jurisdiction, rather than the abutting landowner/ R.S. 2477 claim that it rejected. Op. Br. at 25 n.13. Yet Hazel Green fails to provide any basis for concluding that its abutting landowner claims are different from the "significant property rights in abutting public roads" rejected in *Staley*. *See* ER 1103 (alleging "easement rights to maintain continued access to [plaintiff's] property across any state or county highway that abuts its property"). Moreover, as with the rejected claims in *Staley*, any resolution of the easement rights alleged by Hazel Green would require the district court to establish whether the Coulterville and Crane Flat Roads are public highways pursuant to R.S. 2477. Given the extensive legal authority on these issues, the Court should similarly "refuse Plaintiffs' invitation to blur the lines between a title interest and a right of access to a public road." *See Staley*, 168 F. Supp. 2d at 1213.

In fact, in dismissing Hazel Green's abutting landowner easement claims, the district court also ruled on its motion to join Tuolumne and Mariposa Counties to the case "on the ground that its abutting landowner claims *depend on demonstrating county ownership of the roads*." ER 71 (emphasis added). Given that Mariposa County was alleged to claim an interest in the roads, the district court found that "if [Hazel Green] is able to articulate a claim based upon possession of a property interest in the roads sufficient to satisfy the Quiet Title Act, Mariposa County, which is alleged by Plaintiffs to be the current owner of the roads, must be named as a party to this case." ER 71-72. At the same time, the district court refused to join Tuolumne County to the case, given that it had "disclaimed any interest" in the roads. ER 72.

In the Third Amended Complaint, filed jointly by Mariposa County and Hazel Green, Mariposa County brought claims seeking to quiet title to the Coulterville and Crane Flat Roads as R.S. 2477 public highways. ER 734-42. The district court dismissed these claims, finding that the County had failed to plead with particularity the title it was claiming or that the highways were established over public land not reserved for public uses, as required by the Quiet Title Act. ER 14-32. Although the district court provided Mariposa County with an opportunity to amend its complaint to remedy these deficiencies, *id*., the County

instead filed a notice of voluntary dismissal of its claims pursuant to Federal Rule of Civil Procedure 41(a) and did not appeal the district court's decision. *See* ER 2.

In its brief, Hazel Green contends that Mariposa County's failure to pursue its claims under R.S. 2477 "should not prejudice [Hazel Green's] claims as a private easement holder." Op. Br. at 19 n.10. In support of this statement, Hazel Green cites generally to California Streets & Highways Code Section 8352 for the proposition that "vacating" a road "does not affect private easement rights." *Id.*; *see* Cal. Streets & Highways Code § 8309 (defining "vacation" as "the complete or partial abandonment or termination of the public right to use a street, highway, or public service easement"). However, whether or not Mariposa County has vacated the Coulterville and Crane Flat Roads, and how any such vacation would affect the rights of private landowners under state law, is not at issue in this case and was never raised in the proceedings below. *See WildWest Inst. v. Bull*, 547 F.3d 1162, 1172 (9th Cir. 2008) ("Generally, an issue raised for the first time on appeal is deemed waived"). Regardless, Hazel Green has failed to provide any authority to demonstrate that the district court improperly concluded that it lacked subject matter jurisdiction under the Quiet Title Act to adjudicate the existence of R.S. 2477 public highways based on claims brought by a private plaintiff.

### B. California Law Does Not Provide Private Landowners With The Right To Quiet Title To R.S. 2477 Public Highways Under The Quiet Title Act.

Hazel Green further contends on appeal that "[n]o Ninth Circuit decision has held that a property owner through whose property a county road passes does not have the benefit of state law providing that owner with easement rights in those roads." Op. Br. at 21. However, regardless of whether Hazel Green could establish such easements under state law, the scope of its Quiet Title Act claims is a federal question and "must be interpreted in accordance with the principles of federal law." *Friends of Panamint Valley*, 499 F. Supp. 2d at 1176-77 (citing *Vincent Murphy Chevrolet Co. v. United States*, 766 F.2d 449, 451 (10th Cir. 1985)); *McFarland*, 545 F.3d at 1110 ("Federal law governs a claim of easement over lands owned by the United States") (citing *Superior Oil Co. v. United States*, 353 F.2d 34, 37 n. 4 (9th Cir. 1965)). "[W]hile federal courts may properly look to state law as an aid in determining the application of statutory language to specific facts, such state law should be compatible with the purpose of the legislation so as to find the rule that will best effectuate the federal policy." *Vincent Murphy Chevrolet*, 766 F.2d at 451 (interpreting the Quiet Title Act). Given that the Quiet Title Act requires a plaintiff to assert an ownership interest in the property at issue, Hazel Green could not rely on any state law that conflicts with this requirement. *See Gonzales v. Raich*, 545 U.S. 1, 29 (2005) (under the Supremacy Clause, federal

law prevails where state and federal law conflict); *see McFarland*, 545 F.3d at 1111 ("the strong federal interest in the management of federal land weighs against the importation of state law to resolve the present case").

In any event, California law does not allow any member of the public to quiet title in a public road against the United States. While consideration of state law may be needed to determine the nature of an abutting landowner's easement in a public road if and when such a road has been established, all public highways in California are "owned" by a public entity, namely, the State of California and its political subdivisions as agents of the State. *See County of Marin v. Superior Court of Marin County*, 53 Cal.2d 633, 638 (1960) ("'In strictness, all public highways belong to the state, which holds them for public use subject to legislative control. In this commonwealth their custody and control…is confided to the supervisors of the several counties'") (quoting *People v. County of Marin*, 103 Cal. 223, 232 (1894)); *Cox Cable San Diego v. County of San Diego*, 185 Cal. App. 3d 368, 384 (1986) ("For all intents and purposes . . . the public entity 'owns' the public streets and highways") (citing *County of Marin*, 103 Cal. at 226-27).

Consequently, California law supports the conclusion that only government entities, not Hazel Green or other members of the public, may properly assert a Quiet Title Act claim against the United States to establish R.S. 2477 public highways. Individual plaintiffs cannot be permitted to usurp the duties and

responsibilities of elected officials and adjudicate title to R.S. 2477 public highways for the entire citizenry of the State. *See Union Transp. Co. v. Sacramento County*, 42 Cal.2d 235, 244 (1954) ("although elected officials are merely agents of the public, they are the only means by which the public may act" regarding public roads); *see also Kinscherff*, 586 F.2d at 160 (under New Mexico law, a landowner's interest "as an owner of land abutting a public highway" is not sufficient for purposes of the QTA); *Staley*, 168 F. Supp. 2d. at 1213 (same under Colorado law); *Friends of Panamint Valley*, 499 F. Supp. 2d at 1176 n.7 (finding that the "California state law cited by Plaintiffs is nearly identical to that of New Mexico law, as discussed in *Kinscherff*").

## IV. THE 1888 HALSTEAD PATENT DOES NOT PROVIDE ANY BASIS FOR EASEMENT CLAIMS RAISED BY HAZEL GREEN.

In its final claim, Hazel Green asserts that "[s]etting aside the issue of whether [Hazel Green] had easement rights as an appurtenant landowner cognizable under the Quiet Title Act, the Halstead Patent provides for the easement rights that [Hazel Green] seeks to enforce." Op. Br. at 25. This claim is based on language in the 1888 Patent granting the private property at issue "together with all the rights, privileges, immunities, and appurtenances, of whatsoever nature there unto belonging unto the said James Halstead and to his heirs and assigns forever." *Id*. at 25-26; ER 1167. As Hazel Green asserts, the Coulterville and Crane Flat Roads were constructed and utilized by Halstead and others before the Patent, and

"[t]he Patent by its express terms recognized those 'appurtenances' and granted them to Halstead." Op. Br. at 26-27. Hazel Green claims that an easement existed at the time of the Patent "because, for 14 years prior, the roads not only existed but Halstead used the roads, collected tolls for the roads, and controlled passage on the roads for toll-paying users (to say nothing of the Hazel Green property being appurtenant to the roads)." *Id.* at 27. However, this claim fails for three fundamental reasons.

First, the Quiet Title Act specifically provides that a complaint "shall set forth *with particularity* the nature of *the right, title, or interest which the plaintiff claims* in the real property, *the circumstances under which it was acquired*, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d) (emphasis added). Here, Hazel Green's allegations – in each of its successive Complaints – fail to provide any basis for its claim that an easement (apart from the abutting landowner interest discussed above) was created by these circumstances. As the district court properly found, California law provides that "a toll road belongs to the public; the operator only possesses an 'easement' in the road, consisting of the right to collect tolls as a compensation for building the road." ER 69-70 (citing *Wood v. Truckee Turnpike Co.*, 24 Cal. 475, 478 (1864), and *Kellett v. Clayton*, 99 Cal. 210, 213 (1893)). The district court also rejected

Hazel Green's contention, raised for the first time at oral argument, that an "easement by prescription" was created by Halstead's use of the road. ER 70-71.

Second, this Court has consistently held that while general language in a patent referring to other rights and appurtenances may carry with it existing easements, it does not create or grant an easement that did not previously exist. *See, e.g., Fitzgerald Living Trust v. United States*, 460 F.3d 1259, 1267 (9th Cir. 2006) ("While the word 'appurtenance' will carry with it an existing easement, it will not create the easement")[4]; *McFarland*, 545 F.3d at 1111 (same); *see also United States v. Jenks*, 129 F.3d 1348, 1355 (10th Cir. 1997) (rejecting claim that patent language conveying a tract of land "with the appurtenances thereof" granted express easements over three access roads as against the government). As the Supreme Court has stated, "the established rule [is] that land grants are construed favorably to the Government, that nothing passes except what is conveyed in clear

---

[4] Hazel Green attempts to distinguish the situation in *Fitzgerald* by claiming that the plaintiffs in that case failed to allege that their predecessor or others used the nine-mile "rough trail" that was the subject of the suit as access, or that the trail became a road over time. Op. Br. at 28-29. In fact, the *Fitzgerald* decision indicates that the plaintiffs and their predecessors had used "FDR 56B" (the "rough trail") for decades. 460 F.3d at 1261 (indicating the Fitzgeralds purchased the property in 1983 and "the Forest Service never attempted to restrict the Fitzgeralds' or their predecessors-in-interest's use of FDR 56B," but "[i]n the spring of 1986…the Forest Service asked the Fitzgeralds to apply for a 'special use permit'…to continue using the road"). The Court also concluded that, even assuming the rough trail became FDR 56B, the patent language "with the appurtenances thereof" lacked the requisite intent and specificity to convey an easement. *Id*. at 1267.

language, and that if there are doubts they are resolved for the Government, not against it." *Watt v. Western Nuclear, Inc.*, 462 U.S. 36, 59 (1983) (citing *United States v. Union Pacific R. Co.*, 353 U.S. 112, 116 (1957)). Thus, while the term "appurtenances" in the 1888 Halstead Patent may refer to existing property interests, Op. Br. at 27, it did not create any particular easements and provides no basis for Hazel Green's Quiet Title Act claims.

Finally, Hazel Green's arguments regarding the 1888 Patent are premised on a determination that the alleged roads are R.S. 2477 public highways. *See* Op. Br. at 29 ("The roads at issue in this case were asserted to be county roads in which [Hazel Green] has an easement as a private landowner across whose property the roads traverse. The roads derived from a federal grant (pursuant to R.S. 2477, by which such roads could be built)"). For the reasons discussed above in Part III.A, the district court lacked subject matter jurisdiction to adjudicate such claims.

## CONCLUSION

For all of the foregoing reasons, the Sierra Club respectfully urges that the Court affirm the judgment of the district court.

Dated: April 29, 2011

Respectfully submitted,

s/ George M. Torgun
DEBORAH S. REAMES
GEORGE M. TORGUN

Attorneys for Defendant-Intervenors-Appellees

## STATEMENT OF RELATED CASES

The Sierra Club is aware of no other cases in this Court that are related to this case in any of the manners set forth in Circuit Rule 28-2.6.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,373 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Dated: April 29, 2011

s/ George M. Torgun
GEORGE M. TORGUN

Attorney for Defendant-Intervenors-Appellees

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 29, 2011.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ George M. Torgun
GEORGE M. TORGUN