FILED

JUL 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAZEL GREEN RANCH, LLC, a Delaware limited liability company,

Plaintiff - Appellant,

and

MARIPOSA COUNTY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR; KENNETH LEE SALAZAR, in his capacity as Secretary of the United States Department of the Interior; NATIONAL PARK SERVICE; DANIEL N. WENK, in his capacity as Acting Director, National Park Service; DAVID V. UBERUAGA, in his capacity as Acting Superintendent, Yosemite National Park; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK, in his capacity as Secretary of the United States Department of Agriculture; NATIONAL FOREST SERVICE; GAIL KIMBALL, in her

No. 10-16519

D.C. No. 1:07-cv-00414-OWW-SMS

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

capacity as Chief, United States Department of Agriculture, National Forest Service; UNITED STATES OF AMERICA,

Defendants - Appellees,

SIERRA CLUB; NATURAL RESOURCES DEFENSE COUNCIL; WILDERNESS SOCIETY,

Intervenor-Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted April 18, 2012
San Francisco, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.

Hazel Green Ranch, LLC appeals the district court's dismissal of its claims against the Defendants-Appellees, the United States Department of Interior, et al. ("United States"), pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, seeking to assert its easement rights over alleged county roads leading to the Yosemite Valley floor. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal de novo, *see Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and affirm.

Hazel Green Ranch first asserts that it has an easement over the alleged county roads by virtue of its status as an abutting landowner. California recognizes an abutting landowner's easement over a public road as a property right, not merely as a right of access akin to the right of the public. *See, e.g.*, *Breidert v. Southern Pac. Co.*, 394 P.2d 719, 721 (Cal. 1964); *People v. Ricciardi*, 144 P.2d 799, 803 (Cal. 1944); *Zack's, Inc. v. City of Sausalito*, 81 Cal. Rptr. 3d 797, 818 (Ct. App. 2008). Such an easement is a sufficient interest in property to assert a claim against the United States under the Quiet Title Act. We nevertheless affirm because Hazel Green Ranch can no longer assert that property interest against the United States. In the proceedings below, Mariposa County, which Hazel Green Ranch alleges owns the disputed roads, was joined as a party. Its claim to ownership of the roads was dismissed with prejudice, and the County did not appeal that dismissal. The County has therefore forfeited whatever interest it had in the disputed roads, at least for purposes of this case. Hazel Green Ranch recognizes as much, but argues that under California Streets & Highways Code, a county's vacation of a road does not affect the easement rights of an abutting landowner. Hazel Green Ranch is correct that the Code provides that "vacation of a street, highway, or public service easement . . . does not affect a private easement or other right of a person . . . in, to, or over the lands subject to the street, highway, or

public service easement, regardless of the manner in which the private easement or other right was acquired." Cal. Sts. & High. Code § 8352(a) (1980). The California Court of Appeal has held, however, that "an abutting owner whose private rights, if any, stem from the mere fact that his property is contiguous to a county road . . . may [not], upon abandonment, insist upon its continued use as against the fee owner of the road[,] or recover damages against him for its closure." *Norcross v. Adams*, 69 Cal. Rptr. 429, 433 (Ct. App. 1968). Even more directly, that court ruled: "On abandonment of a public easement in a road, an abutting landowner's right to the use of the public easement is terminated." *Metzger v. Bose*, 6 Cal. Rptr. 337, 340 (Ct. App. 1960), *overruled on other grounds by Valenta v. L.A. Cnty.*, 394 P.2d 725 (Cal. 1964); *see also Smith v. Ricker*, 37 Cal. Rptr. 769, 771 (Ct. App. 1964). "Damages resulting from substantial interference with [the easement] rights of the abutting owner . . . are compensable," but only against the county or other state entity responsible for abandoning or vacating the road. *Norcross*, 69 Cal. Rptr. at 432-33.

Therefore, if, as Hazel Green Ranch asserts, Mariposa County has vacated the roads by failing to appeal the dismissal with prejudice of its claim of ownership of the disputed roads, Hazel Green Ranch may be able to seek damages against the County. It cannot, however, insist on continued use of the roads, which is what it

seeks here. We therefore affirm the dismissal of the quiet title claim premised on any alleged easement acquired as an abutting landowner.

Hazel Green Ranch also asserts that it possesses an implied easement by use which it acquired as a result of the 1888 federal patent to its predecessors under the Homestead Act, which granted the predecessors the land together with all "appurtenances, of whatsoever nature." We have held that although "the word 'appurtenance' will carry with it an existing easement, it will not create the easement." *Fitzgerald Living Trust v. United States*, 460 F.3d 1259, 1267 (9th Cir. 2006). "Thus, unless an easement existed at the time of the grant, [plaintiff] holds no easement." *McFarland v. Kempthorne*, 545 F.3d 1106, 1111 (9th Cir. 2008). Here, Hazel Green Ranch asserts that an easement existed at the time of the patent, as demonstrated by its predecessors' continuous use of the roads. Hazel Green Ranch failed to "set forth with particularity" the "nature of the claimed right, title, or interest" and "the circumstances under which [the easement] was acquired," as required under the Quiet Title Act, 28 U.S.C. § 2409a(d). Hazel Green Ranch fails to specify whether the implied easement was obtained by prior use or prescriptive use and fails to meet the conditions for either. "Moreover, application of the common-law doctrine of easement implied by prior use is not appropriate in this case, where title was taken by way of a public grant." *McFarland*, 545 F.3d at

1112. We therefore affirm the dismissal of the quiet title claim premised on the 1888 federal patent.

Finally, Hazel Green Ranch asserts that it holds an easement by necessity over the alleged county roads. However, it raised this claim only in passing in its opening brief. The easement by necessity claim is, therefore, waived. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

**AFFIRMED**.